(93 Misc. Rep. 31)

### REESE v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term, First Department. December 28, 1915.)

1. INSURANCE ☞623—BURGLARY INSURANCE—ACTIONS.

   Where defendant repudiated all liability under a burglary policy on the ground that it was obtained by fraud and misrepresentation, and returned the proofs of loss, together with the premium, plaintiff is not bound to abide by the condition in the policy that no action shall be instituted within three months after the furnishing of proofs of loss.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. ·§§ 1551–1553; Dec. Dig. ☞623.]

2. PLEADING ☞403—COMPLAINT—WAIVER.

   In an action on a burglary policy, where the answer showed waiver of a condition precedent to suit, and no motion was made to dismiss the complaint, and evidence of the waiver was admitted in their objection, that the complaint did not plead waiver of the condition precedent is immaterial.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. ☞403.]

3. INSURANCE ☞658—BURGLARY INSURANCE—EVIDENCE.

   In an action on a burglary policy, evidence that other apartments in the same building had been entered is admissible to show that plaintiff's loss was the result of burglary.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1689, 1690, 1694; Dec. Dig. ☞658.]

4. INSURANCE ☞278—BURGLARY INSURANCE—MISREPRESENTATIONS.

   Where plaintiff represented he was a mining promoter, when in fact he was a clairvoyant, and used his apartment for telling fortunes, a burglary policy covering the apartment, procured by such misrepresentations, was void.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 593; Dec. Dig. ☞278.]

Appeal from City Court of New York, Trial Term.

Action by Berthold Reese against the Fidelity & Deposit Company of Maryland. From a judgment for plaintiff, and an order denying its motion to set aside the verdict, defendant appeals. Reversed and remanded.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Arthur C. Mandel, of New York City, for appellant.

Samuel J. Siegel, of New York City (Louis H. Solomon, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for the sum of $672.50 in an action brought upon a policy insuring him against loss from burglary, theft, or larceny. The answer consists of a general

denial, and also sets up three affirmative defenses. The first defense sets forth that the plaintiff falsely represented that his occupation was that of a mining promoter, that this representation was false, and that immediately upon discovering the falsity of this statement the defendant returned to the plaintiff the sum of $15 and certain papers which the plaintiff filed or attempted to file in compliance with the terms of the policy, and which are alleged to be proofs of loss, and the plaintiff has "retained, kept, accepted, and now holds the said proof of loss and the said sum of $15." The second defense sets forth that the policy contains a provision that "this policy shall be void if the condition and circumstance of the risk are changed without the written consent of the company, or if the assured attempts in any way to defraud the company," that the defendant issued the policy upon the express warranty made by the plaintiff that the plaintiff was a mining promoter, "that in truth and in fact the plaintiff upon information and belief was never a mining promoter, that the plaintiff is and was a fortune teller and an entertainer and clairvoyant, and gave public and private entertainments at his said place of residence, and by reason thereof the condition and circumstance of the risk which the defendant assumed became changed." The third defense sets forth that the policy contains a provision that "no suit shall be brought under this policy until three months after the proofs of loss as required herein have been furnished to the company; that on February 15, 1915, the plaintiff filed certain papers which purport to be proofs of loss, and three months have not elapsed since that time before the bringing of this action."

[1] It is not disputed that the action was actually brought less than three months after the filing by the plaintiff of his proofs of loss, and the defendant now contends that the complaint should have been dismissed on that ground. It is, however, also not disputed that the defendant returned the proofs of loss, together with the sum of $15, to the plaintiff upon the ground that the policy was obtained by fraud and misrepresentation. There can be no doubt under all the authorities that, after the defendant denied that the policy was a binding obligation and returned the proofs of loss, it is precluded from claiming that the plaintiff is bound to wait three months before bringing the action. It is therefore evident that the action is not prematurely brought.

[2] The defendant, however, urges that the expiration of the three months is a condition precedent to the bringing of the action, and a waiver of a condition precedent must be affirmatively alleged and cannot be proven under an allegation of due performance of all conditions. It is unnecessary for us now to consider whether the plaintiff should have been allowed under his present pleading to prove the waiver of this term of the policy. As a matter of fact the evidence was admitted without objection, and no motion was made at the trial to dismiss the complaint on this specific ground. If such a contention had been made, then it would undoubtedly have been the duty of the trial justice to permit the complaint to be amended (if such an amendment be necessary), in view of the fact that the defendant

itself pleads in its second defense facts upon which a waiver must be predicated.

[3] The defendant also urges that there is not sufficient proof to show that the loss was a "direct loss by burglary, theft, or larceny." It seems to me that the evidence is amply sufficient for this purpose and that the trial justice correctly admitted testimony tending to show that other apartments in the same house had been entered the same night, and that this evidence has probative force upon the issue whether the plaintiff's loss was due to burglary.

[4] The serious question raised by this appeal is whether the trial justice correctly excluded the testimony of certain witnesses produced by the defendant to show that after the policy was issued the plaintiff at his residence represented himself as a clairvoyant or mind reader and received money from them for an entertainment or exhibition of his alleged powers. If the plaintiff falsely warranted that he was a mining promoter when in fact he was a mind reader or clairvoyant, the policy of course is invalid. The evidence offered in regard to the subsequent events would have little or no probative value on this issue, but the defendant claims that it would be material upon the issue of change of risk. It seems to me that this contention is sound. The defendant insured a person representing himself as a promoter from loss by burglary, theft, or larceny from his domestic apartment. Obviously, if the apartment thereafter was used habitually as a place for the giving of public or private entertainments and performances for money by a fortune teller or mind reader, the risk would be entirely changed. Standing alone, proof of occasional entertainments in that apartment would be insufficient, but proof that a place is habitually used for a particular purpose can be furnished by evidence of a sufficiently large number of occasions in which the apartment was put to that use.

The trial justice therefore erred in excluding that evidence, especially in view of the fact that the plaintiff has himself testified that he is in business as a mind reader, and says he has been convicted of telling fortunes in an "apartment house."

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.