[Civ. No. 7751. First Appellate District, Division One.—October 8, 1931.]

BOYD NIXON et Ux., Respondents, v. INDEMNITY IN-SURANCE COMPANY OF NORTH AMERICA, Appellant.

Charles V. Barfield, Thomas P. Boyd and Lionel Browne for Appellant.

Ralph W. Palmer for Respondents.

TYLER, P. J.—Action upon a policy of insurance issued by defendant company which insured plaintiffs against loss by burglary, theft, larceny or robbery of any of the property covered by the policy. Plaintiffs sued upon the instrument to recover the value of a diamond pin containing fourteen diamonds, which they alleged was feloniously taken and stolen from their residence. Judgment was prayed for in the sum of one thousand dollars. Trial was had before the court and a jury, which resulted in a verdict in favor of plaintiffs in the sum of one thousand dollars and costs. From such judgment this appeal is taken.

The main point urged for reversal is that the evidence does not establish a burglary of respondents' house or a theft of the jewelry. No direct evidence of the stealing of the pin was offered by plaintiffs, the only evidence in the case being indirect and circumstantial in character. This evidence, however, in our opinion, is sufficient to give rise to the reasonable inference or probability that the disappearance of the pin was occasioned by felonious taking, and justifies the conclusion of the jury to that effect. It shows in substance that plaintiff Josephine Nixon last saw the pin on April 25, 1929. On that day she had worn it to a dinner party and on returning to her home she either put it in a closet or on her dresser. The day following, her daughter had a group of some thirty friends for dinner. The day thereafter, Mrs. Nixon visited her nephew, who resided in a different county. On her return in the evening there was nobody in her home and one of the windows was open. Plaintiffs' residence is situated on a side hill and the windows thereof afford an easy method of entrance to the home. The residence had twice previously been entered by thieves. Immediately after her return from her visit Mrs. Nixon missed her pin. She was reluctant to inform her husband of her loss and made a thorough search and investi-

gation for about a week in the hope of finding the missing piece of jewelry. Failing to obtain any trace of the same, she then informed the police authorities and also her husband, who in turn immediately notified defendant company of the facts. These circumstances in our opinion are strong and persuasive that a theft was committed and the inference to be drawn therefrom justified the submission of the case to the jury. (*Zech* v. *New Jersey F. & P. G. Ins. Co.*, 218 Ill. App. 171; *Stern* v. *Employers' Liability Assur. Corp.*, (Mo. App.) 249 S. W. 739; *Wolf* v. *Aetna Accident & Liability Co.*, 183 App. Div. 409 [170 N. Y. Supp. 787].)

Appellant raises the further contention that the insured failed to give immediate notice of the loss, for which reason they were not entitled to recover. The policy provides that in the event of a loss the insured shall give immediate notice to the company and the police authorities having jurisdiction. The notice required to be given means only reasonable notice and, under the circumstances of the case and considering the extensive search that Mrs. Nixon made for the missing pin before concluding that it was stolen, we are of the opinion that the notice was sufficient. Moreover, this question is raised for the first time on appeal.

And finally, appellant complains that the trial court erred in the admission in evidence of certain testimony. Evidence was received to the effect that the residence had on two occasions previously been feloniously entered. The trial court was of the opinion that this was a circumstance going to show that the premises were easy of access as bearing on the probability of the theft of the property. We see no error in this conclusion. (*Reese* v. *Fidelity & Deposit Co. of Maryland*, 93 Misc. Rep. 31 [156 N. Y. Supp. 408].)

The same may be said as to the admission in evidence of the fact that Mrs. Nixon, while carrying insurance against burglary for a long period, had never before made a claim of loss under a theft policy. Whether she had or not made such a claim was immaterial, but the admission of the evidence was harmless and certain it is that it does not constitute prejudicial error.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 7, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 7, 1931.