175 P.2d 1003

MAESTAS v. MAESTAS et al.

No. 4931.

Supreme Court of New Mexico.

Dec. 17, 1946.

Manuel A. Sanchez, of Santa Fe, for appellants.

Seth and Montgomery, of Santa Fe, for appellee.

MARSHALL, District Judge.

This is an action brought by appellee (plaintiff below) to enjoin the appellants (defendants below) from fencing a tract of land owned by appellants over which the appellee claims an easement of passage by prescription, alleging the use of said easement has been for more than twenty-five years, and had been open, uninterrupted, peaceable, notorious, adverse and under a claim of right, with knowledge of appellants, and their predecessors in title. Pedro A. Maestas and Gorgonio Maestas are brothers. Their father died in July, 1922. Upon trial, the Court entered judgment for appellee establishing appellee's right of easement fifteen feet in width over appellants' land and enjoining appellants from fencing the same. From the judgment of the Court, the appellants appeal.

Pedro A. Maestas, appellee, owns two tracts of land, tract "A" and tract "B," which are separated from each other by a very narrow strip of land, which is tract "C," belonging to appellants. Tracts "A" and "B" parallel each other from north to south, tract "A" lying to the east of tract "B," with the narrow strip tract "C" separating them. Appellee's house is on tract "A," his chicken house, corral and toilet are on tract "B." Since 1917 or 1918 appellee and members of his household have crossed over tract "C" in their daily activities. Appellants acquired tract "C" in 1927. In 1930, shortly after the death of the father, appellants erected a post at the southeast corner of tract "C." Appellee objected because it interfered with freedom of his crossing from tract "A" to tract "B." But appellants did not remove the post and appellee kept crossing over along side of it. In 1942 appellants began erecting a fence along tract "C" which, if completed, would compel appellee to go approximately one-quarter mile from his residence to his outbuildings.

The question now presented to this Court is whether or not the evidence adduced in the trial court is sufficient to sustain that Court's finding that crossing of tract "C" by appellee, since date of conversation between appellee and appellants in 1930, had been open, uninterrupted, adverse, under claim of right hostile to appellants, changing appellee's permissive right of easement to a prescriptive right of easement.

A review of the salient points of evidence will demonstrate whether or not appellee by his statements and his acts as under the facts in this case, brought himself within

the rule, as recognized in this State, permitting him to establish adverse user under a claim of right hostile to appellants.

Was the evidence in the Court below sufficient to sustain the findings and judgment of the trial court? The testimony of appellee and his witnesses, which is substantially uncontradicted, shows that appellee pursued a regular course of conduct, in crossing from tract "A" to tract "B" over tract "C" since 1917 or 1918 which was opposed to the rights of and adverse to the appellants and to those who had been their predecessors in title. Appellee, without real interference from appellants or others, had used appellants' tract "C" for a crossing between his buildings located on tract "A" and tract "B" to the same extent as if he were the owner thereof. He crossed regularly at any and all times, in the sight of appellants, with full knowledge of appellants, and without any regard for appellants' presence or for their rights. Appellants stood by and so permitted appellee to cross without interruption and by their failure to interrupt appellee's crossing, acquiesced in the conduct of·the appellee. The only act that appellants performed, to in any way indicate that they disapproved of appellee's crossing of tract "C," was to set a post at the southeasterly corner of the strip. It was not connected with anything else and in itself could form no barrier. The post according to appellee's testimony, was set by appellant Gorgonio Maestas in the year 1929. The following conversation between appellee and appellant was testified to by appellee as being at the time in 1929 when appellant set up this post. Appellee testified:

"Q. Did you have any conversation with Gorgonio (appellant) at the time about the post? A. Some.

"Q. State what it was? A. I told him that I did not want him to set that post there because it would be in my way, and then he answered that he was making his road from there, and I will not take it off, and I left it there through the consideration that I did not want to have any trouble.

"Q. Did you tell him, did you say anything to him about your right to use it? About your right to cross there? A. Yes, sir.

"Q. What did you tell him? A. To get that post out of there because it would be in my way and I considered that was the place we use as egress and ingress."

This discussion took place after many years of use of tract "C" as a means of passageway by appellee. In the case of such user by appellee and his continued assumption of claim of right, it then becomes incumbent upon appellants to present evidence to rebut the presumption, that appellee's claim is a claim of right. Appellant in his evidence presented at the trial did not meet the positive evidence of appellee that the user was adverse. The ap-

pellant, Gorgonio, testified, showing the use by appellee was open and notorious to him; appellant stated—

"Q. All right, you knew that Pedro had been crossing there with his livestock and for other purposes right along? A. He would cross whichever way he felt like crossing.

"Q. And you saw him doing it? A. Yes. I did not have the need to protect my property, just then, but when I saw that I had to protect my property otherwise, then I thought of building a fence."

The uncontradicted testimony of appellee shows that his use of tract "C" as a passageway was uninterrupted. The out buildings and corrals on tract "A" and tract "B" were built in 1917 and appellee had been crossing over tract "C" at will ever since. Appellee testified:

"Q. Did you go across secretly or whenever you wanted to cross? A. Whenever I want to cross, I cross."

And further:

"Q. Has anybody ever stopped you from crossing? A. No. I am still crossing between the posts.

"Q. And have you done so ever since you built the corral? A. Yes, sir."

The foregoing as well as other testimony in the case fully demonstrates that appellee's user of the strip was peaceable. The case of Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 651, 112 A.L.R. 536, heretofore decided by this Court, lays down the following requirements as to adverse user to-wit:

The user must be open, notorious, uninterrupted, under claim of right, adverse and peaceable for a period of more than ten years.

While it is true that tract "C," the land under discussion in the instant case, is a narrow strip and unenclosed, it is in a built up area and appellants lived only one hundred and fifty yards distant therefrom. Appellants over a period of many years could and did observe the daily systematic use of this strip as a passageway by appellee; in fact ever since 1917 and further from 1929–1930 when conversations were had about it between the parties and when appellee put appellant orally upon notice of his claim to it by adverse user. Appellants' contention that "to permit plaintiff (appellee) to establish an easement over defendants' (appellants) property under the loose evidence in the record would subject every owner of a vacant lot to the danger of having his property subjected to rights of which he never heard and the right of such owners recklessly destroyed," is untenable here. Hester v. Sawyers is distinguishable on its facts from the case at bar, in that in Hester v. Sawyers large bodies of unenclosed land were contemplat-

ed where the owners thereof could not reasonably know of passings over said lands. In this case a relatively narrow strip of land is involved, adjacent to the appellants' domicile, the crossings over which were made daily, in actual presence of the appellants for a period of more than ten years, with their acquiescence and under a verbally stated claim of right thereto by appellee made to one of the appellants.

 There is substantial evidence in the case at bar to sustain the findings and judgment of the trial court. We cannot find evidence, presented at the trial by appellants, which contradicts positive evidence of the appellee that the user was adverse, under a claim of right. The facts and circumstances in the instant case meet the requirements of the rule laid down in Hester v. Sawyers heretofore set forth. The rule promulgated in Hester v. Sawyers is applicable here:

"A prescriptive right may be acquired, although the use was originally permissive, if in fact it became adverse. But the adverse user must be for the full ten years, which excludes the time under which the use was permissive."

"If a use has its inception in permission, express or implied, it is stamped with such permissive character and will continue as such until a distinct and positive assertion of a right hostile to the owner is brought home to him by words or acts."

Assuming that the use had been permissive up to 1929 or 1930, the continued adverse use by appellee plus his positive declaration in 1929 up to the time this suit was filed would clearly establish a prescriptive right in appellee from 1929 for a period of more than ten years prior to the institution of this action. Whether or not there was a prescriptive right initiated by appellee in 1917 is immaterial since such a right was initiated and continued from 1929 to the present time. The trial Court was correct in entering its decree for appellee establishing a fifteen-foot easement over tract "C" and enjoining appellants from interfering with it. There is substantial evidence to support the judgment of the District Court, and the same will be affirmed.

It is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and LUJAN, JJ., concur.