540 P.2d 218

**DALE J. BELLAMAH CORPORATION,**
**Plaintiff-Appellant,**

v.

**CITY OF SANTA FE, a Municipal Corporation, the City Council of the City of Santa Fe, and the City Planning Commission of the City of Santa Fe, Defendants-Appellees.**

**No. 10226.**

Supreme Court of New Mexico.

Aug. 22, 1975.

Rodey, Dickason, Sloan, Akin & Robb, Gene C. Walton, John P. Salazar, Albuquerque, for plaintiff-appellant.

Connelly & Lenssen, Santa Fe, for defendants-appellees.

## OPINION

SOSA, Justice.

The City of Santa Fe, by a 3 to 2 council vote, with two councilmen not voting, purportedly passed ordinance 1973–25 on July 11, 1973. § 14–16–3 N.M.S.A.1953 (Repl.Vol. 3) requires that a majority of all the members of the governing body vote in favor of adopting an ordinance or resolution. The ordinance, if properly passed, would have re-zoned Plaintiff's property from R–1 to SC–1, allowing Plaintiff to build a shopping center on property previously zoned residential. The mayor signed the ordinance, and it was filed in the office of the city clerk on July 11, 1973, and was published pursuant to law on July 16, 1973. On August 8, 1973, the city council voted to reconsider ordinance 1973–25, whereupon Plaintiff filed its complaint requesting the trial court to enjoin Defendants from taking any action to reconsider the ordinance and requesting the trial court to declare the actions in reconsidering the ordinance null and void.

On August 16 a temporary restraining order was issued, restraining Defendants from further reconsidering the zoning obtained through the passage of ordinance 1973–25, and the hearing on the application for a preliminary injunction was set for August 23, 1973. On that date the Defendants' counsel orally entered a general denial to the complaint, and by consent of the parties the case was considered on its merits.

The trial court held that the motion to reconsider the ordinance was not timely made. Nevertheless, it held that the ordinance was invalid for lack of an affirmative vote of a majority of all the members of the council. At the time of the purported adoption of the ordinance, the council consisted of seven members. From a judgment in favor of Defendants, Plaintiff appeals. For reversal Plaintiff-appellant argues that:

(1) The validity or invalidity of ordinance 1973–25 was not properly before the court;

(2) The Defendants should not have been allowed to attack collaterally ordinance 1973–25;

(3) The Defendants are equitably estopped from asserting the invalidity of ordinance 1973–25.

With respect to Plaintiff's first point, the trial record shows that the Defendants introduced a new issue into the case after all the evidence had been presented to the court. That new issue raised the validity of the ordinance itself, as prior testimony had indicated that less than a majority of all the members of the council had voted in favor of the ordinance. Plaintiff argued that the proper procedure to attack the validity of the ordinance was through a direct attack under § 14–20–7 N.M.S.A.1953 (Repl.Vol. 3). The trial court found that the issue was properly before it and held the ordinance invalid. The court made the following findings of fact and conclusions of law (among others):

### Findings of Fact

13. An ordinance for the re-zoning of the Plaintiff's said property was duly considered and voted upon by the Defendant City Council of the City of Santa Fe, New Mexico, on July 11, 1973, and at such time the said City Council voted by a roll-call vote, with three members of the City Council voting in the affirmative to approve City Ordinance No. 1973–25, for a re-zoning of the subject property from a zoning classification of R–1 to SC–1.

14. At all times material hereto, the Defendant City of Santa Fe was governed by its City Council of the City of Santa Fe, composed of seven (7) members, and a Mayor.

15. Following the vote of the Defendant City Council of the City of Santa Fe to approve Ordinance No. 1973–25, the said ordinance was filed in the office of the City Clerk and subsequently published pursuant to law.

16. Ordinance No. 1973–25, was filed in the office of the City Clerk of Santa Fe, on July 11, 1973, and was published on July 16, 1973.

18. At all times material hereto, Section 14–16–3 N.M.S.A., 1953 Comp., was in force and effect and which said statute provided as follows:

"Ordinances—Roll Call Vote—Adoption.—A. If a majority of all the members of the governing body vote in favor of adopting the ordinance or resolution, it is adopted. The municipal clerk shall record in the minutes book the vote of each member of the governing body on each ordinance or resolution.

B. Within three days after the adoption of an ordinance or resolution, the mayor shall validate the ordinance or resolution by endorsing "Approved" upon the ordinance or resolution and signing the ordinance or resolution."

The Court adopted the following Conclusions:

### Conclusions of Law

2. The purported action of the Defendant City of Santa Fe, by its City Council, in voting on July 11, 1973, to adopt by a vote of three city council members in the affirmative, a City Ordinance No. 1973–25, was illegal and void, since state law requires City Ordinances to be adopted by a majority vote of the City Council, and a majority did not vote in the affirmative.

3. The action of the Defendant City Council of the City of Santa Fe, New

Mexico, in voting to re-consider an illegally adopted City Ordinance, was not improper.

Although Defendants failed to plead the invalidity of the ordinance as an affirmative defense but rather entered an oral general denial, and although Defendants failed to amend their answer to include this affirmative defense during or after the hearing on the merits, the evidence as to the invalidity of the ordinance was presented without objection (although its import was not recognized until later), the issue was subsequently argued, and the trial court specifically ruled upon that issue in its findings of fact and conclusions of law.

Rule 15(b), Rules of Civil Procedure [§ 21–1–1(15)(b), N.M.S.A.1953 (Repl.Vol. 4)] provides as follows:

> (b) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Rule 15(b) is sufficiently broad to allow amendment of the pleadings to conform to the issues and evidence raised during trial in the instant case. See *Terrill v. Western*

*American Life Insurance Company*, 85 N. M. 456, 513 P.2d 390 (1973). Failure to amend does not affect the result of the trial of these issues. Thus, the issue of the invalidity of the ordinance was properly before the court.

In the instant case Plaintiff failed to make timely objection and failed to show prejudice. If Plaintiff had shown prejudice to its case, the trial court could have granted Plaintiff a continuance to enable it to meet the new evidence or issues. Pleadings are the means to assist, not deter, the disposition of litigation on the merits. 3 J. Moore, Federal Practice ¶ 15.02 (2d ed. 1974).

Second, Plaintiff contends that Defendants should not be allowed to attack collaterally ordinance 1973–25; rather, the ordinance must be attacked directly under § 14–20–7, supra. Evidence at trial had shown that ordinance 1973–25 had never been enacted pursuant to the directives of § 14–16–3, supra. The rule is well established that where the statute directs in definite terms the manner in which municipal acts are to be exercised, such statutory method must be substantially followed. *Bibo v. Town of Cubero Land Grant*, 65 N.M. 103, 332 P.2d 1020; 1 C. Antieau, Municipal Corporation Law § 4.19 (1975). Thus, the ordinance was invalid and without force. See *Brumley v. Greeneville*, 38 Tenn.App. 322, 274 S.W.2d 12 (1954); 56 Am.Jur.2d, Municipal Corporations § 346 (1971). Various courts have permitted collateral attacks upon ordinances which are void in the sense that the legislative body had no constitutional or statutory power to pass it or because the ordinance was never legally enacted. *State v. Vargas*, 6 Conn.Cir. 69, 265 A.2d 345 (1969); *Bowling Green-Warren County Airport Bd. v. Long*, 364 S.W.2d 167 (Ky.Ct.App. 1962); *Simmons v. Holm*, 229 Or. 373, 367 P.2d 368 (1961); 6 E. McQuillin, Municipal Corporations § 20.14 (3rd ed. rev. 1969). Since § 14–20–7, supra, does not present the exclusive method for attacking invalid ordinances, we hold that a collater-

al attack upon the ordinance was permissible in the instant case.

Third, Plaintiff urges that Defendants should be equitably estopped from asserting the invalidity of the ordinance against it. However, Plaintiff failed to show a material change in its position after July 21, 1973, the day the ordinance would have become effective had the statutory prerequisites been complied with. Plaintiff's only change in position after July 21 was entering into preliminary negotiations with prospective clients. This by itself is insufficient change in position to invoke equitable estoppel. *Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 494 P.2d 962 (1972); *Porter v. Butte Farmers Mutual Insurance Company*, 68 N.M. 175, 360 P.2d 372 (1961).

For the reasons above stated the Judgment of the trial court is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.