635 P.2d 584

James MATSU, Adolph Sanchez, Arturo Cordova and Roland R. Sanchez, Plaintiffs-Appellees,

v.

Pablo CHAVEZ, Manuelita Chavez, husband and wife, and Ramon Chavez, Defendants-Appellants,

and

Raoul Cordova and Dolores Cordova, husband and wife, Third Party Defendants-Appellees.

No. 13487.

Supreme Court of New Mexico.

Oct. 27, 1981.

Robert N. Singer, Deborah S. Seligman, Albuquerque, for defendants-appellants.

Reggie C. Chavez, Belen, for plaintiffs-appellees.

## OPINION

RIORDAN, Justice.

The plaintiffs are surrounding landowners to the defendant's (Chavez) property who travel on a road (Enrique Road) located on Chavez' land. As a result of Chavez closing the road, this action was brought by the plaintiffs who claim they have a prescriptive easement over Enrique Road.

The issues on appeal are:

1. Whether the plaintiffs are collaterally estopped from asserting that Enrique Road is subject to a prescriptive easement.

2. Whether the trial court erred in determining that a prescriptive easement existed upon Enrique Road.

3. Whether the trial court erred in determining the extent of the prescriptive easement.

We affirm in part and reverse in part.

Chavez owns 28.37 acres in Valencia County. Along the southern border of his property is a 500 foot strip of land, known as Enrique Road. It runs east and west between two county roads, known as the "Y" roads. The location of the various properties and roads are shown in the following diagram.

COLLATERAL ESTOPPEL

In 1969, Chavez sued to quiet title to the "Y" roads. The trial court declared that the "Y" roads were the private property of Chavez and could be closed by him. However, the court conditioned its closing of the county roads upon Chavez establishing two right-of-way easements, Enrique and Angular Roads. The defendants appealed the decision to this Supreme Court. In *Chavez v. County of Valencia*, 86 N.M. 205, 521 P.2d 1154 (1974), we held that the trial court lacked subject matter jurisdiction to determine whether the "Y" roads could become private roads, because jurisdiction to declare a county road vacated, was in the County Commission. Therefore, the trial court's decision was void.

Chavez asserts that because the plaintiffs in this suit were the defendants in the 1969 suit, they are now collaterally estopped from asserting a prescriptive easement over Enrique Road. Chavez argues that since the trial court conditioned its judgment on the establishment of an easement over Enrique Road, the trial court must have determined that there was no prescriptive easement over Enrique Road. Therefore, the plaintiffs are collaterally estopped from asserting the prescriptive easement theory in this present case because the issue had been previously decided. The plaintiffs claim that there is no collateral estoppel because the judgment in the 1969 case was void, and because no issue was raised in that case about an easement over Enrique Road until the trial court raised it.

█ Collateral estoppel applies when the facts are material, relevant and necessary to the decision of the case. *Paulos v. Janetakos*, 46 N.M. 390, 394, 129 P.2d 636, 638 (1942). Whether Enrique Road was an easement was never at issue in the 1969 case, nor did the trial court make a finding on whether an easement existed prior to the court's requiring it to be created. Therefore, collateral estoppel does not apply.

The Supreme Court also ruled that the trial court's judgment was void for lack of subject matter jurisdiction. Therefore, the judgment is void on its face and has no

legal effect. *See Jackson v. Vance*, 179 F.2d 154, 158 (10th Cir. 1949).

The issue in the 1969 case was whether the "Y" roads were abandoned. In ruling that the "Y" roads were abandoned, the trial court apparently tried to reach a compromise which involved the dedication of alternative roadways as a condition to the judgment. Chavez relies on *Heckathorn v. Heckathorn*, 77 N.M. 369, 423 P.2d 410 (1967), for the proposition that lack of subject matter jurisdiction of part of a judgment does not prevent the judgment from being conclusive as to the remainder of the subject matter. However, *Heckathorn* involved divorce and child support issues. The Supreme Court found that the trial court lacked jurisdiction to enter judgment for the divorce, but the trial court's decision on the child support matters were valid. The *Heckathorn* case involved two separate issues for the court to determine, and the lack of jurisdiction to rule on one issue does not automatically deprive the court of jurisdiction over the other. The 1969 case only dealt with the issue of closing the "Y" roads; therefore since the judgment was void, collateral estoppel does not apply.

PRESCRIPTIVE EASEMENT

█ A prescriptive easement is acquired when the use is "open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and continue[d] for a period of ten years with the knowledge or imputed knowledge of the owner." *Hester v. Sawyers*, 41 N.M. 497, 504, 71 P.2d 646, 651 (1937).

█ The trial court's relevant findings of fact were:

[a] ... Enrique Road, has been used *continuously* by the people living upon the farms in the immediate vicinity, and by the general public as well, *for 50 years prior* to the institution of this suit. (Emphasis added.)

[b] None of the plaintiffs or testifying witnesses were ever given permission by an owner ... to use Enrique Road.

[c] None of the plaintiffs or testifying witnesses ever asked any of the owners ... for permission to use Enrique Road.

[d] There is no evidence of gates or natural obstacles existing on Enrique Road prior to the arrival of the defendants in 1960.

[e] There is no evidence that plaintiffs have ever used Enrique Road under any claim of right during any period of time.

Chavez argues that finding [e] is inconsistent with the trial court's conclusion that there is a prescriptive easement over Enrique Road.

 In *Hester v. Sawyers, supra,* 41 N.M. at 504, 71 P.2d at 651, we stated that "[i]n this state, where large bodies of privately owned land are open and uninclosed [sic], it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation ...." Therefore, a claim of right is not acquired unless intentions to acquire a permanent right are known to the owner. However, *Maestas v. Maestas,* 50 N.M. 276, 175 P.2d 1003 (1946) limited the *Sawyers* decision to, "large bodies of unenclosed land ... where the owners thereof could not reasonably know of passings over said lands." *Maestas, supra,* 50 N.M. at 279, 175 P.2d at 1006. Where there is proof of an open, notorious, continuous and uninterrupted use for the prescriptive period, without evidence of how it began, the presumption is that the use was adverse and under a claim of right. *Sanchez v. Dale Bellamah Homes of New Mexico, Inc.,* 76 N.M. 526, 529, 417 P.2d 25, 27 (1966).

There is no evidence in this case to rebut the "claim of right" presumption. Therefore, it is presumed there is a claim of right. The fact that there were no findings is immaterial. The findings of fact, overall, are consistent with the conclusions of law; and Enrique Road is a prescriptive easement.

LOCATION AND EXTENT OF EASEMENT

 In reliance on the validity of the judgment in the 1969 case before the appeal, Chavez graded, widened and straight-ened the "trial" which is now Enrique Road. The trial court in its judgment in this case apparently determined that the widened boundaries constituted the location of the prescriptive easement.

The burden of establishing the location and dimensions of a prescriptive easement is upon the one asserting its existence. *See* 2 *G. W. Thompson, Commentaries on the Modern Law of Real Property,* § 350 at 281 (repl. 1980). The prescriptive easement is over the "trial", not the straightened and widened part.

Because no evidence was presented on the location and dimensions of the prescriptive easement, we remand this issue back to the trial court to correctly determine the location and dimensions of the easement.

PAYNE and FEDERICI, JJ., concur.