679 P.2d 1283

**Larry SPRAGUE, and Janet Sprague, Plaintiffs-Appellants,**

v.

**CITY OF LAS VEGAS, Defendant-Appellee.**

**No. 14920.**

Supreme Court of New Mexico.

April 26, 1984.

Byron L. Treaster, Los Alamos, for plaintiffs-appellants.

Roberto L. Armijo, Las Vegas, for defendant-appellee.

**OPINION**

RIORDAN, Justice.

Plaintiffs Larry and Janet Sprague (Spragues) brought suit in district court seeking a declaratory judgment that City of Las Vegas Resolution No. 68–32 (First Resolution) relinquished defendant City of Las Vegas' (City) ownership of certain public land and that City of Las Vegas Resolution No. 70–10 (Second Resolution), which

cancelled and revoked the First Resolution, was null and void. After a hearing, the district court granted the City's motion for summary judgment and determined that the First Resolution was void. The Spragues appeal. We affirm in part and reverse in part.

The issues we address are:

I. Whether the district court erred in determining that the First Resolution was void.

II. Whether the district court erred in granting the City's motion for summary judgment.

In June, 1970, a certain tract of land was dedicated to the City for use only as a driveway and parking area. The dedication was formally approved by the Planning Commission of the City of Las Vegas (Planning Commission) and was duly recorded in September, 1970. On June 18, 1980, the City Council of the City of Las Vegas (City Council), without referring the matter to the Planning Commission, adopted the First Resolution vacating the City's title and interest to the dedicated land. Part of the vacated land is adjacent to land owned by the Spragues. The First Resolution was duly recorded on July 15, 1981. The Las Vegas City Attorney (City Attorney) requested that the Spragues prepare and submit to the City Council a quitclaim deed for conveyance of a portion of the vacated land adjacent to the Spragues' property. However, the City Attorney later advised the City Council against executing a quitclaim deed to the Spragues because by vacating the land, the City had abandoned any interest therein. The City Council unanimously agreed not to sign the Spragues' quitclaim deed. On October 21, 1981, the City Council adopted the Second Resolution, which revoked and cancelled the First Resolution. The City Attorney recommended this revocation to the City Council because of pending litigation between two other abutting property owners.

On January 4, 1982, the Spragues filed suit in district court seeking a declaratory judgment that the First Resolution was valid and binding without issuance of a deed and that it could not be rescinded. The City filed its answer and then filed a motion for summary judgment. After a hearing, the district court granted the City's motion for summary judgment, finding in part that "procedures required by law with respect to partial vacation of [the dedicated land] were not complied with and, therefore, [the First Resolution] is void and partial vacation did not take place."

## I. First Resolution.

On appeal, the Spragues argue that the First Resolution is not void because the City Council possessed legal authority to adopt it without consulting the Planning Commission. They claim that the City Council substantially complied with the provisions of NMSA 1978, Section 3–20–12 in vacating the dedicated land. We disagree.

Pursuant to NMSA 1978, Section 3–19–1, the City created, by ordinance, the Planning Commission and therein granted it "all of the powers and duties now or which may hereafter be conferred or imposed upon such commission by the laws of the State of New Mexico." The Planning Commission was thereby delegated "the power, authority, jurisdiction and duty to enforce and carry out the provisions of law relating to *planning, platting* and *zoning.*" NMSA 1978, § 3–19–1(B)(1) (emphasis added). Under NMSA 1978, Subsection 3–19–4(A)(1), a planning commission is also granted powers necessary to "fulfill and perform its functions."

Included among the laws relating to planning and platting is the law of vacation. 3–20–12. Section 3–20–12 sets forth the procedures for vacating a plat as follows:

A. Any plat filed in the office of the county clerk may be vacated or a portion of the plat may be vacated provided:

(1) The owners of the land in the territory proposed to be vacated sign a statement, duly acknowledged, declaring the plat or a portion of the plat to be vacated; and

(2) the statement is endorsed "Approved" by the *planning authority* of the municipality within whose platting jurisdiction the subdivision lies.

B. In approving the vacation or partial vacation of a plat, the *planning authority* of the municipality shall consider if the vacation or partial vacation of a plat will adversely affect the interest or rights of persons in contiguous territory or within the subdivision being vacated. In approving the vacation or partial vacation of a plat, the *planning authority* of the municipality may require that streets dedicated to the municipality in the original plat shall continue to be dedicated to the municipality. The owners of lots on the vacated plat or on the portion of the plat being vacated may enclose in equal proportions the adjoining streets and alleys which are authorized to be abandoned by the *planning authority* of the municipality.

C. The statement declaring the vacation or partial vacation of a plat and having the proper endorsements shall be filed in the office of the county clerk wherein the original plat is filed. The county clerk shall mark the applicable words "Vacated" or "Partially Vacated" across the plat and shall refer on the plat to the volume and page on which the statement of vacation or partial vacation is recorded. (Emphasis added).

The Spragues argue that the City "substantially complied" with the requirements of Section 3–20–12. They contend that the City Council has in effect construed itself to be the "planning authority" and that by passing, signing, and filing the First Resolution, the City substantially complied with Section 3–20–12.

Section 3–20–12 makes it clear that in order to vacate property, three requirements must be fulfilled: (1) the owners of the property sought to be vacated must sign a statement declaring the property to be vacated; (2) the owners' statement must be approved by the planning authority; and

(3) the owners' statement must be appropriately filed.

▇▇▇ The first requirement was fulfilled because the City, which owns the property, acts through the City Council and the City Council signed the First Resolution. Since the City delegated to the Planning Commission the powers necessary to carry out the laws relating to planning and platting, we determine that for the purposes of the second requirement the Planning Commission is the "planning authority". Where a municipality has created a planning commission, it is necessary for that commission to approve the statement declaring the property to be vacated. We therefore also determine that by not obtaining the Planning Commission's approval of the vacation, the City failed to comply with the requirements of Section 3–20–12. We therefore hold that the dedicated land was never vacated, and that the First Resolution is void.

Because we hold that the First Resolution is void, it is not necessary for us to discuss the validity and effect of the Second Resolution.

## II. Summary Judgment.

Holding the First Resolution invalid does not necessarily resolve the entire matter. In the court below, the Spragues alleged that they had detrimentally relied on the First Resolution and that the City was therefore estopped from asserting its invalidity. *See Dale J. Bellamah Corp. v. City of Santa Fe*, 88 N.M. 288, 540 P.2d 218 (1975). However, the district court did not address this argument.

▇▇▇ Summary judgment is proper if "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." NMSA 1978, Civ.P.R. 56 (Repl.Pamp.1980). In the present case, there is an issue of fact as to whether the Spragues detrimentally relied on the First Resolution. This Court cannot review this issue because the

record does not contain the evidence the Spragues assert as a basis for this argument. *Matsu v. Chavez,* 96 N.M. 775, 635 P.2d 584 (1981).

We therefore determine that summary judgment was improper and remand this case to the district court to hear evidence on and to decide the issue of estoppel.

The judgment of the district court is affirmed in part and reversed in part, and the cause is remanded for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, J., concur.