This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ASTANTE AT CABEZON HOMEOWNER'S ASSOCIATION, INC., a New Mexico corporation,**

Plaintiff-Appellant,

v.                                                          NO.   31,482

**AMMRE, INC., a New Mexico corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Stephen P. Curtis, Attorney at Law, P.C.
Stephen P. Curtis
Albuquerque, NM

for Appellant

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Daniel W. Lewis
Jenny L. Beare
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     In this case, we hold that a defendant waives its ability to challenge the capacity of a plaintiff to bring a claim for breach of contract when it fails to raise the issue in its response to the complaint or by special motion pursuant to Rule 1-009(A) NMRA. Raising capacity at summary judgment is untimely.  Plaintiff Astante at Cabezon Homeowner's Association, Inc. (Astante), a neighborhood association, sued Defendant AMMRE, Inc. (AMMRE), a management company, for breach of contract. AMMRE alleged in its motion for summary judgment that Astante did not have the capacity to bring suit because it had failed to properly amend its bylaws.  The district court granted summary judgment in favor of AMMRE.  We conclude that lack of capacity must be pled before summary judgment.  Because the issue was raised too late, AMMRE waived its ability to challenge Astante's capacity, and we reverse, remanding to the district court for further proceedings on Astante's claim.

## I.     BACKGROUND

{2}     Because this is a memorandum opinion, we only briefly outline the facts. Astante hired AMMRE to manage Astante and enforce its covenants.  Astante was unsatisfied with AMMRE's performance and sued for breach of contract.  Under Astante's bylaws, certain member-voting procedures need to be followed before it can either bring suit or amend its bylaws.  AMMRE moved for summary judgment,

2

alleging that Astante had failed to follow the voting procedures, and it therefore lacked the capacity to bring the breach of contract claim.

**{3}** After a hearing on the summary judgment motion, the district court determined that Astante had not amended the bylaws correctly and granted Astante 120 days to properly amend them in order to bring its claim. Pursuant to that order, Astante attempted to amend its bylaws again and submitted proof of the proceedings to the district court. The district court held that Astante had again failed to amend the bylaws properly and granted AMMRE's motion for summary judgment. Astante appeals, alleging not only that its amendment procedure was proper, but that AMMRE, at the summary judgment stage of the proceedings, could not raise the defense of whether Astante lacked the capacity to sue because it had violated its internal bylaws. Astante made the same argument before the district court, so we consider it preserved.

## II.    DISCUSSION

**{4}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "The meaning of language used in a statute is a question of law that we review de novo." *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. In this appeal, we solely address

3

whether AMMRE was permitted to raise Astante's failure to properly amend its bylaws as a lack of capacity defense to the breach of contract claim.

{5}     Astante argues that its bylaws are an internal matter, in that they may only be raised or enforced by its members. Accordingly, Astante asserts that AMMRE, as a non-member, has no "standing" to raise an internal matter by way of a bar to its suit. Astante also raises the prospect of multiple suits by its members if it cannot sue in their interest. We need not consider either argument. Similarly, AMMRE's citation to out-of-state authority in support of its position is unavailing. The issue here is AMMRE's motion for summary judgment, and the district court's grant of such.

{6}     Under New Mexico rules, a party who wishes to challenge "the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity . . . shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Rule 1-009(A). Historically, defendants were required to file a specific "plea in abatement" in order to contest capacity before filing their answer. *Consol. Placers, Inc. v. Grant*, 1944-NMSC-040, ¶ 9, 48 N.M. 340, 151 P.2d 48. Under our modern pleading rules, we have stated that, [a] defendant wishing to assert the defense of a plaintiff's lack of capacity to sue must comply with Rule 1-009(A)." *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, ¶ 60, 145 N.M. 328, 198 P.3d 354. AMMRE raised the issue of Astante's "capacity/authority" to bring the lawsuit for the first time in its

4

motion for summary judgment under Rule 1-056 NMRA, and no party mentions Rule 1-009.

{7}     A motion for summary judgment is not the appropriate place to first raise the issue of capacity. Rule 1-056 (referring to the pleadings as matters completed before the motion for summary judgment). A motion for summary judgment exists to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C). If a party truly lacks capacity to sue, it would similarly be precluded from responding to a motion for summary judgment. Capacity to maintain a lawsuit is a threshold issue, specifically addressed by another rule. Rule 1-009(A) is clear that when a party to a lawsuit wishes

> to raise an issue as to the legal existence of any party or the capacity of
> any party to sue or be sued or the authority of a party to sue or be sued
> in a representative capacity, he shall do so by specific negative averment,
> which shall include such supporting particulars as are peculiarly within
> the [party]'s knowledge.

Historically, we have held that Rule 1-009 requires that capacity to sue and related issues must be raised "in [an] answer or by [a timely Rule 1-012(B)] motion." *Capco*, 2008-NMCA-153, ¶ 60. Failure to do so results in a waiver of the issue. *Id.* Thus, in raising the issue of Astante's capacity for the first time in a motion for summary judgment, AMMRE was too late and waived the ability to raise the argument. *See Hern v. Crist*, 1987-NMCA-019, ¶ 16, 105 N.M. 645, 735 P.2d 1151 (citing Rule 1-

009 and stating that an award of summary judgment based solely on lack of capacity would be improper); *Bronstein v. Biava*, 1992-NMSC-053, ¶ 7, 114 N.M. 351, 838 P.2d 968 (determining that fraud, which is also covered under Rule 1-009(B) and requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," must be raised before the summary judgment phase. (Internal quotation marks and citation omitted). The "answer mentions nothing about fraud or negligent misrepresentation," and the party only raises "the allegations of fraud in his [r]esponse to [m]otion for [s]ummary [j]udgment. Clearly, this does not meet the requirement of pleading fraud with particularity"). Astante raised the failure of AMMRE to plead lack of capacity in its motion to reconsider, pointing out that a motion for summary judgment would be too late to raise the issue. This is not so different from *Capco* where the dissent seems to give credence to raising the issue in a motion to vacate the judgment. Astante's somewhat obtuse insistence in their response that this has anything to do with preventing multiple lawsuits against AMMRE, or that the bylaws only exist to protect homeowners does not obscure the fact that the matter was fairly pled and before the district court.

**{8}** Following supplemental briefing on the issue, we remain convinced that AMMRE waived its opportunity to plead Astante's lack of capacity to sue under Rule 1-009(A). Capacity to sue is a "special matter" that must be pled "by specific negative

averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Rule 1-009(A); *see McLean v. Paddock*, 1967-NMSC-165, ¶ 20, 78 N.M. 234, 430 P.2d 392 ("Those matters constituting an avoidance or affirmative defense not pled as required by the rules are not available as a defense."), *overruled on other grounds by Duke City Lumber Co. v. Terrel*, 1975-NMSC-041, 88 N.M. 299, 540 P.2d 229. AMMRE's error is not a matter of failing to plead an enumerated affirmative defense under Rule 1-008(C) NMRA. We believe that *Berry v. Meadows*, 1986-NMCA-002, 103 N.M. 761, 713 P.2d 1017, and other cases cited in the dissent, emphasize the difference between Rule 1-009 and Rule 1-008. Rule 1-009 requires special pleading of some defenses, including lack of capacity, that would prevent a party from bringing a lawsuit at all, as opposed to dealing with more responsive affirmative defenses that would negate liability, or the hearing of a claim that Rule 1-008 enumerates. From this, we conclude that raising lack of capacity is no mere affirmative defense as both the rule and case law indicate. *Berry*, on the other hand, concerned pleading affirmative defenses specific to Rule 1-008(C), namely, the statute of limitations, waiver, and laches, *Berry*, 1986-NMCA-002, ¶ 29, as did *Alliance Health of Santa Teresa, Inc. v. National Presto Industries, Inc.*, 2007-NMCA-157, ¶ 9, 143 N.M. 133, 173 P.3d 55, that dealt with the Rule 1-008(C) enumerated affirmative defense of payment, or *Dale J. Bellamah Corp. v. City of Santa Fe*, 1975-NMSC-045, 88 N.M. 288, 540 P.2d 218, which concerned the validity

of a municipal ordinance, not the capacity to sue. These are not the "special matters" with which Rule 1-009 is concerned. Lack of capacity must be specifically pled by negative averment at the earliest possible moment because it determines whether the complaining party may bring its case before the court in the first place. Without capacity to sue, a party is unable to proceed in the case and would certainly be unavailable to respond to a motion for summary judgment or other proceedings. The question of whether the suit may be brought is so important that Rule 1-009 emphasizes the particularity of the problem and the need for a swift initial determination of the question.

{9} On the facts of this case, the defense of lack of capacity was known to AMMRE prior to the litigation, owing to its familiarity with Astante's bylaws. As well, AMMRE is presumed to be aware of the rules of procedure, and Rule 1-009 is quite specific. *State v. McClaugherty*, 2007-NMCA-041, ¶ 72, 141 N.M. 468, 157 P.3d 33 (holding that the law presumes a lawyer knows the evidence and rules of court), *aff'd*, 2008-NMSC-044, 144 N.M. 483, 188 P.3d 1234.

## III.    CONCLUSION

{10} Because AMMRE failed to raise the issue of Astante's capacity to bring a lawsuit until the summary judgment phase of the proceedings, it waived its ability to challenge capacity. We therefore reverse the award of summary judgment and remand to the district court for further proceedings.

{11}    **IT IS SO ORDERED.**


                                    _____
                                    **RODERICK T. KENNEDY, Chief Judge**


**I CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


**CYNTHIA A. FRY, Judge, dissenting**

**FRY, Judge (dissenting).**

{12} "Where an issue in the nature of an affirmative defense is raised and litigated without objection and specifically ruled on by the trial court, [the] defendant's failure to raise the issue as an affirmative defense . . . does not present a viable issue on appeal." *Berry*, 1986-NMCA-002, ¶ 31. The Majority apparently disregards this precedent and reverses the district court's judgment solely on the ground that AMMRE purportedly waived an affirmative defense—a defense that Astante itself actively litigated and did not argue was waived until *after* summary judgment was entered against it. The Majority holds that AMMRE was required to assert the defense of Astante's lack of capacity either in its answer or in a Rule 1-012(B) NMRA motion and that AMMRE's assertion of the defense in its motion for summary judgment came too late. I disagree because, not only did Astante fail to argue waiver when the defense was first raised by AMMRE, but it fully litigated the merits of the defense in its briefs and at a hearing in the district court. It was only when the district court dismissed Astante's complaint *without prejudice* that Astante first suggested that waiver had occurred. Then, on appeal, Astante abandoned its waiver argument—at least until this Court raised the argument sua sponte and asked the parties to brief the issue. Because Astante litigated AMMRE's affirmative defense by consent and because it was not prejudiced by any delay in AMMRE's assertion of the defense, I respectfully dissent. I believe this Court should address Astante's appeal on the merits

of the arguments it raised in its brief in chief, i.e., whether AMMRE had standing to challenge Astante's amendment of its bylaws and whether Astante's amendment of its bylaws was proper.

**Procedural Progression of the Case**

{13}    When Astante filed its complaint against AMMRE for breach of contract, AMMRE's answer did not include Astante's lack of capacity to file suit as an affirmative defense.  But, after it conducted some discovery, AMMRE learned details about the process Astante had used to amend its bylaws to permit the suit.  Indeed, Astante itself recognized, *prior* to filing suit, that its bylaws did not authorize it to sue anyone except its own members, so it initiated the amendment process that AMMRE learned about in discovery.

{14}    Armed with this information about the bylaws amendment, AMMRE filed a motion for summary judgment, arguing that Astante did not comply with the bylaws' requirements for amendment and thereby "failed to properly gain the appropriate capacity/authority to bring the instant lawsuit."  After AMMRE filed its motion, Astante had at least three opportunities to argue that AMMRE had waived its lack-of-capacity defense: in its response to the motion, at the hearing on the motion, and in its supplemental response that it filed after the district court gave it 120 days to "fix" the bylaws to permit the suit.  Astante took none of these opportunities to argue waiver. Instead, it argued that AMMRE lacked standing to challenge the amendment

11

procedures because the bylaws were intended to protect Astante members, not entities like AMMRE. The district court entered an order agreeing with AMMRE, granting summary judgment, and dismissing Astante's claims without prejudice.

{15}     After the court filed its order, Astante for the first time suggested in a motion for reconsideration that AMMRE was required to raise its lack-of-capacity defense either in its answer or in a motion to dismiss. The district court, in an opinion and order, rejected Astante's waiver argument, stating that Astante had consented to litigate the defense, and denied Astante's motion for reconsideration.

{16}     On appeal, Astante made three arguments: (1) that AMMRE did not have standing to object to the amendment procedures Astante employed, (2) that the amendment procedures employed complied with the bylaws' requirements, and (3) that AMMRE should be estopped from challenging the amendment procedures. Notably, Astante made no argument on appeal that AMMRE waived the lack-of-capacity defense upon which the district court based summary judgment. Nonetheless, this Court ordered the parties to brief the waiver issue, the Majority has concluded that AMMRE indeed waived the defense, and it has remanded the case to the district court, apparently expecting the court and the parties to proceed as if the prior litigation over the propriety of Astante's bylaws amendment had never occurred.

**The Basis of This Dissent**

12

{**17**} I do not agree with the Majority's view that AMMRE waived its defense that Astante did not properly amend its bylaws to give it the capacity or authority to sue AMMRE. While Rule 1-009(A) states that such a defense "shall [be raised] by specific negative averment," our case law clarifies that our pleading rules do not establish inviolate, bright-line requirements that have no exceptions. In New Mexico, our courts have consistently rejected trapdoor enforcement of procedural rules. *See Berry*, 1986-NMCA-002, ¶ 31 (holding that an affirmative defense that is "raised and litigated without objection and specifically ruled on . . . , [the] defendant's failure to raise the issue as an affirmative defense . . . does not present a viable issue on appeal").

{**18**} This case is similar to *Alliance Health of Santa Teresa, Inc.*, in which the defendant failed to raise an affirmative defense until it filed a motion for summary judgment after discovery revealed a factual basis for the defense. 2007-NMCA-157, ¶ 9. The plaintiff did not challenge the defendant's right to raise the defense at that stage of the litigation but instead responded on the merits, and the district court granted the defendant summary judgment on the basis of the defense. *Id.* ¶¶ 12-13. We held that under those circumstances, the issue of waiver was "not an issue that is appropriate on appeal." *Id.* ¶ 13.

{**19**} Our case law also establishes that rules like Rule 1-009(A) are not meant to ensnare the unwary litigant who fails to anticipate all possible defenses early in

13

litigation, especially where a later assertion of the defense does not prejudice the plaintiff. In *Dale J. Bellamah Corp.*, the defendant did not raise as a defense the invalidity of the ordinance at issue until all of the evidence had been presented to the trial court. 1975-NMSC-045, ¶ 4. Nonetheless, the plaintiff did not object, the parties argued the issue, and the trial court ruled that the ordinance was invalid. *Id.* ¶¶ 5, 8. On appeal, our Supreme Court affirmed, stating that "Rule 15(b) [now Rule 1-015(B) NMRA] is sufficiently broad to allow amendment of the pleadings to conform to the issues and evidence raised during trial in the instant case." *Id.* ¶ 7. In addition, the Court in *Bellamah* emphasized that the plaintiff had not demonstrated that the defendant's delay in asserting the defense prejudiced it. *Id.* ¶ 8. Had the plaintiff made such a showing, the trial court could have granted a continuance to allow the plaintiff to meet the defendant's evidence. *Id.* The Court concluded, "Pleadings are the means to assist, not deter, the disposition of litigation on the merits." *Id.*

{20} Here, as in *Bellamah*, Astante did not object to the lack-of-capacity defense until the district court ruled against it on the issue. Because the parties litigated the defense by consent and the district court ruled on it, AMMRE's answer can be deemed to have been amended to conform to the parties' expectations. And, like the plaintiff in *Bellamah*, Astante in this case failed to show that it was prejudiced by AMMRE's failure to raise the defense at the outset of the litigation. Indeed, the district court gave Astante a chance to fix the capacity problem before it ruled on AMMRE's motion for

14

summary judgment. Even better, Astante can try yet again to remedy the problem because the district court dismissed its complaint without prejudice.

{21} The Majority's reliance on *Capco* is unavailing. It is true that in *Capco*, this Court refused to consider the defendant's lack-of-capacity defense and noted that Rule 1-009(A) requires this defense to be raised in the answer or by motion or it is waived. 2008-NMCA-153, ¶ 60. However, the Majority fails to note that the defendant in *Capco* first asserted the defense in a motion to vacate the judgment. *Id.* ¶ 55. Thus, unlike the circumstances in the present case, there was no possibility in *Capco* for the parties to litigate the defense by consent prior to entry of the judgment.

{22} In conclusion, because Astante fully participated in the litigation of AMMRE's defense and because Astante was in no way prejudiced by the district court's determination on the merits of that defense (via dismissal without prejudice), I would resolve this appeal on the basis of the issues Astante raised in its appellate briefs rather than on a misguided application of Rule 1-009(A).

_____
**CYNTHIA A. FRY, Judge**