This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38447**

**ROBERT SCHOOLCRAFT,**

Plaintiff-Appellant,

v.

**ROSS TOWNSEND,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Blenden Law Firm
Dick A. Blenden
Carlsbad, NM

for Appellant

Martin, Dugan & Martin
W.T. Martin, Jr.
Carlsbad, NM

for Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Plaintiff Robert Schoolcraft appeals a district court judgment in favor of Defendant Ross Townsend on Plaintiff's claim for a prescriptive easement over Defendant's property. We reverse and remand for further proceedings because the district court, misunderstanding the import of *Hester v. Sawyers*, 1937-NMSC-056, 41 N.M. 497, 71 P.2d 646, erroneously applied a bright-line rule that bars users of land from obtaining a prescriptive easement in all cases where the land at issue is unenclosed and the land's owner is aware of the use.

**BACKGROUND AND DISCUSSION**

{2}    In 2016, Plaintiff purchased an approximately forty-acre tract of land in Eddy County, New Mexico. Because the property is "landlocked"—surrounded on all sides by others' land with no legal access—Plaintiff, in 2017, brought an action for a prescriptive easement over a pathway across an adjoining parcel of land belonging to Defendant, asserting that previous adverse use of the pathway met the requirement that adverse use must be continuous for the ten-year prescriptive period. *See generally Algermissen v. Sutin*, 2003-NMSC-001, ¶ 10, 133 N.M. 50, 61 P.3d 176. Following a bench trial, the district court found that Defendant's land had not been fenced or otherwise enclosed at any point and that Defendant had been aware that various persons had crossed over his land during the relevant time period, findings that are undisputed on appeal. The court understood the holding of *Hester* to be that all uses of unenclosed land by someone other than the owner are deemed permissive as a matter of law whenever the land's owner knows of these uses. Applying this rule to its findings, the court ruled in Defendant's favor because Plaintiff could not succeed on his prescriptive easement claim without proving the element of adverse use.

{3}    Although we ordinarily presume the "rectitude and regularity" of proceedings in a lower court, *State v. Gonzales*, 1986-NMCA-050, ¶ 28, 105 N.M. 238, 731 P.2d 381, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110, we are unable to rely on that presumption in this case. The district court's order is replete with references to the *Hester* rule, and, even reading the order generously, we are convinced that the district court's application of that rule was both erroneous and the sole basis for its ruling. Regardless of whether the district court's reading of *Hester* was correct as an original matter, subsequent case law has unambiguously limited the *Hester* rule—the "neighbor accommodation" or "wild and unenclosed lands" exception—to a far narrower scope than that adopted by the district court. *See, e.g.*, *Matsu v. Chavez*, 1981-NMSC-113, ¶ 13, 96 N.M. 775, 635 P.2d 584 ("*Maestas v. Maestas*, [1946-NMSC-036,] 50 N.M. 276, 175 P.2d 1003[,] limited the [*Hester*] decision to, 'large bodies of unenclosed land where the owners thereof could not reasonably know of passings over said lands.' " (omission omitted)); *Algermissen*, 2003-NMSC-001, ¶ 17 & n.2 (same). Although *Hester* and its progeny allow a district court, in determining whether use is from its inception permissive or adverse, to consider the placement of barriers to entry and an owner's knowledge[1] that others are using the land over which a prescriptive easement is sought, the district court erred by concluding that those factors are necessarily determinative. We therefore reverse the district court's judgment and remand to permit the court to reconsider the merits of Plaintiff's claim in light of this opinion.[2]

---

[1]We note that a plaintiff *must* prove an owner's knowledge, actual or constructive, that others are using the property at issue in order to satisfy another element of a prescriptive claim: open or notorious use. *See generally Algermissen*, 2003-NMSC-001, ¶¶ 18-22 & n.3.

[2]The parties disagree about whether, even if Plaintiff proved that all relevant users of the tract in question were adverse (an issue we do not decide given the district court's misapplication of *Hester*), use of the tract was continuous for the prescriptive period. *See generally Algermissen*, 2003-NMSC-001, ¶¶ 23-25

**CONCLUSION**

**{4}** We reverse and remand for further proceedings consistent with this opinion.

**{5}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**

---

(discussing this element). The district court's factual findings are inadequate to permit review of this issue, and we therefore do not reach it.