376 P.2d 954

Louis O. JARAMILLO, Plaintiff-Appellee,

v.

The ANACONDA CO., Defendant-Appellant.

No. 6974.

Supreme Court of New Mexico.

Dec. 10, 1962.

Matteucci, Gutierrez & Franchini, Albuquerque, for appellee.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellant.

McCULLOH, District Judge.

This is an action for damages to plaintiff's house alleged to be caused by blasting in connection with mining operations conducted by the defendant, at a point 2.89 miles distant from plaintiff's house. The case was tried before a jury and from a verdict and judgment in favor of the plaintiff, the defendant has appealed.

The house is located on high ground, originally consisting of two rooms constructed of adobe walls and a pitched tin roof on a foundation of rock and mud. In 1949 it was remodeled by plastering with mud, putting in a ceiling, adding a kitchen, two bedrooms, a bath and utility room. The foundation ranged from 10 inches to 18 inches wide, set 15 inches below ground level and extending eight or nine inches above ground level.

Defendant, in operating an open pit uranium mine, began blasting once a day in 1953, increased to two blasts a day in 1954, and from 1957 to the date of trial was blasting three times a day. Plaintiff noticed cracks in the walls in 1958, which became more and more aggravated as time passed.

The amount of explosives detonated in each blast averaged six thousand pounds of ammonium nitrate, ranging from a minimum of four thousand pounds to twelve thousand pounds. It was defendant's theory that the cracking of the plaster and walls was due to moisture or some cause other than the blasting.

Defendant's expert witness was a man highly qualified from training and experience in the field of explosives. He conducted experiments in plaintiff's house and by use of recognized data relative to explosives and their use at given distances without material damage, came to the con-

clusion and was of the opinion that the blasts could not have caused the damage.

Plaintiff and several neighbors testified that at times after hearing the explosions at defendant's mine they felt vibrations, dishes rattled and at times fell from shelves, a clock had fallen from the wall, window panes rattled, doors would swing, garage walls collapsed, and even tools in the garage would be moved.

Plaintiff also had experts who conducted experiments in the house and found some movement in the house resulting from the blasts. One expert of plaintiff was of the opinion that the cracks were caused, not from a single explosion, but were the result of the continued explosions for a long period of time. Plaintiff's expert witnesses were not as eminently qualified, perhaps, as defendant's expert witness. Yet the trial court allowed them to testify as experts and the jury had the right to consider their testimony, together with that of the defendant's expert and other evidence.

Defendant contends that the physical facts rule should prevail as shown by its expert witness, and that there was not substantial evidence by the plaintiff to show that the damage was proximately caused by the explosions.

■■ It is thus apparent that here we have conflicting expert testimony based upon physical facts as well as the application of knowledge of scientific principles in the possession and control of the experts. This is not a case for application of the physical facts doctrine. In this connection see: Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214; Ortega v. Koury, 55 N.M. 142, 227 P.2d 941; and Alexander v. Cowart, 58 N.M. 395, 271 P.2d 1005; and 20 Am.Jur., Evidence, § 1184, p. 1035.

■ In point II the defendant contends that testimony by lay persons concerning effects of the blasting in the neighborhood of plaintiff's house, should have been excluded. Plaintiff and his expert witnesses testified that the blasts caused the damage to plaintiff's house. The testimony of neighbors in the vicinity concerning the effects of the blasts on property near the plaintiff's merely served to corroborate the expert testimony showing a causal connection between the blasts and plaintiff's damage. We find no merit in this contention of the defendant. Jones v. Oman, 28 Tenn. App. 1, 184 S.W.2d 568; Whitman Hotel Corp. v. Elliott & Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591; Ledbetter-Johnson Company v. Hawkins, 267 Ala. 458, 103 So.2d 748; Beckstrom v. Hawaiian Dredging Co., Ltd., (1958), 42 Hawaii 353; Annotation, 45 A.L.R.2d 1121.

■ Defendant under point III contends that testimony concerning replacement cost is inadmissible where there is no substantial evidence of destruction beyond repair. One of plaintiff's expert witnesses testified

that plaintiff's house could not be restored without tearing it down and rebuilding it. In Snider v. Town of Silver City, 56 N.M. 603, 247 P.2d 178, in dealing with damage caused by a gas explosion, the court approved the rule that:

" * * * the 'proper measure of damages is the cost of restoring the cabins to the sound and safe condition they were in at the time of damage.' * * * "

Whether plaintiff's house could be restored or entirely replaced was properly submitted to the jury and their verdict will not be upset.

■ Under point IV the defendant contends that testimony of plaintiff's expert witnesses went beyond their qualifications. The court has wide discretion in determining whether one offered as an expert witness is competent and qualified. Ordinarily the court's determination in this regard will not be disturbed. 20 Am.Jur., Evidence, § 786, at p. 660; Lynch v. Grayson, 5 N.M. 487, 25 P. 992, aff'd. 163 U.S. 468, 16 S.Ct. 1064, 41 L.Ed. 230; Bunton v. Hull, 51 N.M. 5, 177 P.2d 168; Reid v. Brown, 56 N.M. 65, 240 P.2d 213. There being no abuse of discretion by the court apparent in this case in connection with the matter, we hold against the defendant on this point.

Finally, under point V, defendant questions the refusal of the court to give de-

fendant's requested instruction No. 4. This requested instruction pertains to the physical facts doctrine discussed under point I.

This question has already been disposed of and will not be considered further.

Finding no error the judgment of the lower court is affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.