494 P.2d 962

TOME LAND & IMPROVEMENT CO., Inc.,
(No Stockholders' Liability), a New Mex-
ico corporation, Plaintiff-Appellee and
Cross-Appellant.

v.

Gillie SILVA et al., Defendants-Appellants
and Cross-Appellees,

A. S. Torres et al., Intervenors Parties Plain-
tiffs-Appellees and Cross-Appellants.

No. 9255.

Supreme Court of New Mexico.

Jan. 21, 1972.

Rehearing Denied March 9, 1972.

McAtee, Marchiondo & Berry, Albuquerque, for appellants.

Ahern, Montgomery & Albert, Albuquerque, for appellee.

## OPINION

MONTOYA, Justice.

In November 1968, certain stockholders filed suit in the District Court of Valencia County, New Mexico, against the Tome Land & Improvement Co., Inc., plaintiff-appellee and cross-appellant, hereinafter referred to as "Tome," seeking restraining orders against Tome from disbursing funds obtained from the sale of lands which were Tome's principal asset. In December 1968, certain other stockholders brought suit against Tome in Valencia County alleging inter alia that, pursuant to § 51–28–4, N. M.S.A., 1953 Comp. (Repl. Vol. 8, Pt. 1, 1971 Supp.), an offer by Tome to buy the dissenting stockholders' shares for $7,500 was wholly inadequate, and that Tome should be permanently restrained from disbursing any funds received from the sale of lands. Restraining orders in both cases were issued. An order was also entered allowing intervention of other persons who alleged they were parties to certain other actions against Tome. In January 1969, Tome filed suit in Valencia County praying that the court determine the fair value of the shares of defendants-appellants, the dissenting stockholders, to be $7,500 per share, or that the court appoint appraisers to receive evidence and recommend a decision to the trial court on the issue of fair value.

The trial court issued an order consolidating the above-mentioned causes and continued to restrain Tome from disbursing any funds from the sale of the land. Prior to trial, the parties stipulated that the principal issue for the court to determine was the fair value of the dissenting stockholders' shares as of June 28, 1968, the day prior to the vote of two-thirds of the stockholders approving the sale of the land.

After trial to the court, the judge concluded that the fair value of the Tome stock, as of June 28, 1968, was $12,415.40 per share. In reaching this conclusion, the court assigned a monetary value to market, asset and investment values, then gave each of those three factors a certain weight in determining fair value. The formula used was:

| | | |
|---|---|---|
| Market value | $ 3,500.00 x 40% = | $ 1,400.00 |
| Asset value | 18,359.00 x 60% = | 11,015.40 |
| Investment value | 0.00 x 0% = | 0.00 |
| Per share value | = | $12,415.40 |

The court also awarded interest at the rate of 6% per annum from June 29, 1968, ordered Tome to pay court costs, but denied a request that Tome pay defendants' legal fees. It is from the decision of the trial court that appellants appeal and Tome cross-appeals.

Appellants' main contention is that the court erred in determining the fair value of the Tome stock to be $12,415.40. In arriving at the fair value of the stock, the court determined the market value to be $3,500 per share. Appellants claim there is no substantial evidence to support this conclusion. In addition, appellants argue that the weight of 40% given market value in the overall determination of fair value was error, because the 40% weight was not supported by substantial evidence. Appellants further contend that Tome should be

estopped from claiming the net asset value of each share of Tome stock was less than the book value established by Tome at $40,000. Appellants assert the court erred by not considering asset value to be the sole determining factor in arriving at fair value. Appellants also seek reversal of the trial court's judgment, because they were not awarded reasonable attorneys' fees and interest at 6½% per annum, instead of the 6% per annum granted by the court in its order.

The only contention of cross-appellant Tome is that the trial court erred in refusing to give investment value any weight in determining the fair value.

It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). Substantial evidence means such relevant evidence as a reasonable mind might find adequate to support a conclusion. Cave v. Cave, supra.

Section 51-28-4, supra, under which this action was brought, does not specify the method by which the court should determine fair value. The statute suggests the court may appoint an appraiser, but in the instant case this was not done.

In arriving at the fair value of the shares of the dissenting stockholders, the courts have been almost unanimous in using a combination of three elements of valuation: (1) Net asset value; (2) market value; and (3) investment or earnings value. Brown v. Hedahl's-Q B & R, Inc., 185 N.W.2d 249 (N.D.1971). Then the three elements of value must be weighted in such proportions as to reasonably reflect the importance and reliability of each to the final determination of fair value. Factors which courts have traditionally considered when apportioning weight among market value, investment value and asset value are the nature of the corporation, market demand for the stock, the business

the corporation is engaged in, its earnings, net assets, and other variables such as general economic conditions. See Note, Valuation of Dissenters' Stock under Appraisal Statutes, 79 Harv.L.Rev. 1453 (1966). See also 55 Mich.L.Rev. 689 (1957).

From a reading of the cases, it appears that the appraiser, or the trial court in this case, has discretion in determining market, asset and investment value. The appraiser's valuation is then subject to review by the trial court to determine whether it is supported upon reasonable grounds. If the appraiser's valuation is not so supported, the trial court may substitute its own calculation of any or all of the factors. Sporborg v. City Specialty Stores, 35 Del.Ch. 560, 123 A.2d 121 (1956); Brown v. Hedahl's-Q B & R, Inc., supra. In addition, the trial court may also examine the appraiser's allocation of weight to be given each factor and, if a proportionate weight is unreasonable in light of surrounding circumstances, the trial court may modify the allocated weight. Brown v. Hedahl's-Q B & R, Inc., supra; In re Tudor City, Fifth Unit Inc., 17 App.Div.2d 794, 232 N.Y.S.2d 758 (1962).

The first question facing this court is whether the findings as to market, asset and investment value, as made by the trial court, are supported by substantial evidence.

Appellants contend there is no substantial evidence to support a finding that the market value of Tome stock was $3,500 per share on June 28, 1968. Market value is generally the base price at which a stock could be sold by a willing, informed seller to an informed, willing buyer. See Note, Valuation of Dissenters' Stock under Appraisal Statutes, 79 Harv.L.Rev. supra, at 1460. Even though there was no open market on Tome stock, we believe the evidence in the records reasonably supports the conclusion that the market value of Tome stock on the date specified was $3,500. Appellants, in advancing this contention, assert that the principal source of evidence as to market value, as found by

the trial court, was the testimony of an expert witness who was not qualified or competent to express an opinion as to market value. They further claim the testimony of such expert witness should have been stricken. The question of qualification of an expert to testify on any given proposition is one that lies within the discretion of the trial court, and the trial court's ruling will not be disturbed unless that discretion has been abused. Jaramillo v. Anaconda Co., 71 N.M. 161, 376 P.2d 954 (1962); Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757 (1961). We hold that the trial court did not abuse its discretion in receiving the expert testimony. Furthermore, the record reveals additional testimony by other witnesses which supports the trial court's conclusion in this regard.

Neither investment nor asset value was challenged by either party on appeal. Therefore, the trial court's findings as to market, asset and investment value of the stock will not be disturbed by this court.

Appellants also contend that the trial court erred in giving market value a weight of 40% in determining the fair value of the shares, because there is no substantial evidence to support this conclusion. We have already held that the reconstructed market value of Tome shares, as found by the trial court, is proper. The query is, did the trial court commit error in assigning a weight of 40% to market value in arriving at fair value? In resolving this question, we must keep in mind that we are not trial judges charged with the responsibility of making an initial determination of the facts. Our duty is to review the record solely for the purpose of determining whether or not error was committed below. If the findings below are supported by the record and are reasonable, we must accept them, even though, independently, we might have reached a different conclusion.

There is no hard and fast rule that has been enunciated by the courts as to what is the proper weight to be given each of the three factors in reaching the fair value of stock. The relative importance of each is different among the various jurisdictions, and the proportional weight assigned to each by appraisers, or by the courts, is usually governed by the nature of the corporation and the type of stock. See 55 Mich.L.Rev., supra, at 691.

In considering the question of weight to be given various elements of value, upon affirming the decision of the Court of Chancery in an appraisal proceeding to fix the value of stock, the Supreme Court of Delaware, in Application of Delaware Racing Association, 42 Del.Ch. 406, 213 A.2d 203 (1965), made the following statement, with which we concur:

"The question of what weight to give the various elements of value lies always within the realm of judgment. There is no precise criterion to apply to determine the question. It is a matter of discretion with the valuator. In the absence of a clear indication of a mistake of judgment, or a mistake of law, we think this Court should accept the reasoned exercise of judgment of the Vice Chancellor and not substitute its own guess as to what the proper weightings should be. Since there has been no showing of an improper or arbitrary exercise of judgment by the Vice Chancellor, we accept his findings in this respect."

In the above cited Delaware case, the Supreme Court of that state held the weight of 40% given to market value by the Chancery Court was proper. The Chancery Court had disagreed with the appraiser who had assigned only a weight of 25% to market value. In that case, the dissenting stockholders took the same position as appellants herein, contending there was no established market for the shares and the trading in stock was so thin that none could be constructed. However, the Supreme Court of Delaware held:

"* * *. [I]f there is no reliable established market value for the shares a reconstructed market value, if one can be made, must be given consideration. * * *"

It is apparent from a reading of the cases that the trial court must make a judgment as to the weight to be accorded market value, and must also make clear that the conclusion arrived at as to the proper weighting will vary according to the facts of each case. See Application of Silverman, 282 App.Div. 252, 122 N.Y.S.2d 312 (1953).

In the instant case, appellants have failed to show that the conclusion of the trial court, in assigning a 40% weight to market value, was an improper or arbitrary exercise of its judgment. We hold that the ruling of the trial court is reasonable in the light of surrounding circumstances and is supported by substantial evidence in the record. Accordingly, we will not disturb the trial court's conclusion in assigning a 40% weight to market value.

Cross-appellant Tome argues that the trial court's assigning no weight whatsoever to investment value is error. Tome relies upon Brown v. Hedahl's-Q B & R, Inc., supra, where an investment value of zero was accorded a 25% weight in determining fair value. However, the reason for such an assignment of weight was explained by the North Dakota court when it stated:

"* * *. We have assigned a weight of 25% to the investment or earnings value of Q B & R. Normally, in a commercial business, earnings are given great weight as the primary purpose of the business is to generate earnings and not to hold assets that will appreciate in value. * * *"

In the instant case, Tome was not engaged in an active business where the primary purpose was to generate earnings. The court found that for the years 1963 and 1964 Tome's net income was barely over $1,000 per year, and that the fair market value of its principal asset was $4,700,000. Tome had never paid a dividend and for three years preceding the sale of its land had sustained a loss. In addition, Tome was engaged in litigation. These facts would clearly distinguish the instant case from the Brown case, supra. We believe that, under the circumstances, the assigned weight of 0% was reasonable. Therefore, cross-appellant's contention is without merit.

Appellants argue that Tome should be estopped from denying that the net asset value of Tome shares was $40,000, the book value established by Tome's board of directors.

It is the rule in New Mexico that estoppel by conduct arises when a party has been induced by the conduct of the other to do, or forbear from doing, something he would not have done but for such conduct. Porter v. Butte Farmers Mutual Insurance Company, 68 N.M. 175, 360 P.2d 372 (1961). In other words, the party asserting the estoppel must rely, to its detriment, on the conduct of the party against whom the estoppel is being asserted.

The court found that the effect of the board's action in changing the book value from $50 to $40,000 was to free the stock of certain restrictions. Nothing in the record indicates that appellants in any way changed their position or otherwise relied, to their detriment, on the basis of the board's action which established the book value at $40,000. In the absence of any detrimental reliance, appellants cannot assert an estoppel against Tome. Their contention is, therefore, without merit.

Appellants contend that the court committed error in concluding that 6% interest per annum should be allowed instead of 6½% interest. Section 51–28–4(F), N.M.S.A., 1953 Comp. (Repl. Vol. 8, Pt. 1, 1971 Supp.), places the awarding of interest within the discretion of the court. The court did not abuse its discretion by awarding 6% interest because such conclusion is supported by substantial evidence. With regard to the statutory interest rate on judgments, see § 50–6–3, N.M.S.A., 1953 Comp. (Repl. Vol. 8, Pt. 1).

Finally, we turn to the question of allowance of attorneys' fees raised

by appellants. The trial court awarded all of the court costs claimed, but denied appellants' claim for reasonable attorneys' fees. The controlling statute, § 51–28–4(G), N.M.S.A., 1953 Comp. (Repl. Vol. 8, Pt. 1, 1971 Supp.), states in part:

"* * *. [B]ut if the fair value of the shares as determined materially exceeds the amount which the corporation offered to pay therefor, or if no offer was made, the court in its discretion may award to any shareholder who is a party to the proceeding such sum as the court may determine to be reasonable compensation to any *expert or experts* employed by the shareholder in the proceeding, *together with* reasonable fees of legal counsel." (Emphasis added.)

Once the court has determined that the fair value materially exceeds the amount which the corporation has offered for the shares, it may then, in its discretion, award what it may determine to be reasonable compensation by way of expert fees and attorney's fees, but it may not award only expert fees and not attorney's fees if the shareholder has employed both an expert and an attorney in the proceeding. The trial court abused its discretion, or committed error, when it refused to award reasonable fees for legal counsel, having awarded all court costs, including experts' fees, to appellants.

The judgment of the trial court is affirmed, except for the refusal to award attorneys' fees. Accordingly, we remand this case to the trial court for the sole purpose of awarding attorneys' fees to appellants, in accordance with § 51–28–4(G), supra.

Costs of this appeal shall be borne equally, one-half to be assessed against the appellants and one-half against the appellee.

It is so ordered.

McMANUS, and OMAN, JJ., concur.