513 P.2d 390

**Buster TERRILL, Plaintiff-Appellee,**

v.

**WESTERN AMERICAN LIFE INSUR-
ANCE COMPANY, a New Mexico
corporation, Defendant-Appellant.**

No. 9635.

Supreme Court of New Mexico.

Aug. 3, 1973.

Rehearing Denied Aug. 30, 1973.

Earl E. Hartley, Albuquerque, for de-
fendant-appellant.

Gore & Nieves, Clovis, for plaintiff-
appellee.

## OPINION

MARTINEZ, Justice.

Plaintiff brought this suit in the District
Court of Curry County to obtain an ac-
counting for renewal commissions on life
insurance policies sold, amended or con-
verted through his efforts and for judgment
for any unpaid commissions due him.
Plaintiff's complaint was based on a letter
agreement dated October 15, 1965, pro-
viding for 7½% of lifetime vested renewals
on particular policies that he sold, amended,
or converted.

Defendant raised only the affirmative
defenses of res judicata and that all the
monies and accountings had been paid or
made.

Judgment for the plaintiff was entered
on October 2, 1972 and defendant appealed.

The defendant life insurance company
contends that the agreement to pay and the
payment of renewal commissions on these
policies beyond ten years from the date of
each policy is illegal. This contention is
based completely on the testimony of its
president and it purports to show that the
superintendent of insurance had ordered
the defendant to discontinue its payment of
commissions beginning with the eleventh
year of each questioned policy.

The defendant did not affirmatively
plead illegality as a defense in its answer as

required by Rule 8(c) [§ 21–1–1(8)(c), N.M.S.A.] nor did the defendant at any time during or after the hearing move to amend its answer to include this affirmative defense as provided by Rule 15(b) [§ 21–1–1(15)(b), N.M.S.A.]. In spite of this, the testimony of defendant's president at trial raised the issue of illegality and was litigated without objection and specifically ruled upon by the trial court. Therefore, the defendant's failure to affirmatively plead or move to amend at trial does not become an issue on appeal.

 The defendant attacks as erroneous three specific findings of fact made by the trial court.

"6. The plaintiff has not been paid for various policies in which he has a vested lifetime renewal for the period of January 1, 1970, to May, 1972, resulting in commissions due him for said period in the amount of $2,586.99.

7. The plaintiff has earned commissions due him by defendant for all subject policies on which premiums have been paid since May 1, 1972, and is entitled to such commissions as long as the subject policies are in force and effect.

8. The defendant did not affirmatively plead, nor did it prove, the defense that said contract was ultra vires or illegal." (T.R. 32)

The defendant relied exclusively upon the testimony of its president in attempting to prove its defense of illegality. The defendant failed to prove any official ruling by the superintendent of insurance which would declare illegal the payment of commissions, as required by the contract between the parties. It also failed to prove that any directive was issued by the insurance commissioner ordering any termination of such payments. It is the trial court's responsibility, as fact-finder, to determine the weight and credibility of the testimony of a witness. Moreover, it is this court's policy that findings of fact which are supported by substantial evidence will not be disturbed on appeal. Forsyth v. Jo-

seph, 80 N.M. 27, 450 P.2d 627 (1968); Armijo v. Via Development Corporation, 81 N.M. 262, 466 P.2d 108 (1970).

Therefore, because the defendant failed to prove its defense of illegality, the judgment is affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.