532 P.2d 894

**E. S. GALLEGOS, as administrator of the Estate of Robert A. Gallegos, Deceased, Plaintiff and Counterdefendant-Appellant,**

**George Martinez, Individually, and as father and next friend of Steven Martinez, a minor, and Richard Martinez, a minor, Plaintiff-Appellant,**

v.

**W. H. MORRISON, Individually, and as Executor of the Estate of Florence Earnest Morrison, Deceased, Defendant and Counterplaintiff-Appellee,**

**Frank Anaya, Individually, and as father and next friend of Vernon L. Anaya, a minor, Intervenor,**

**First National Bank in Albuquerque, Intervenor.**

No. 1562.

Court of Appeals of New Mexico.

Jan. 15, 1975.

Certiorari Denied Feb. 13, 1975.

Briggs F. Cheney, Leonard J. DeLayo, Jr., Toulouse, Krehbiel & Cheney, P.A., Albuquerque, for appellants.

Charles B. Larrabee, Rodey Dickason, Sloan Akin & Robb, P.A., Albuquerque, for appellee.

OPINION

SUTIN, Judge.

Plaintiffs appeal from a judgment growing out of an automobile accident. It was tried before the court.

The only question raised on appeal is that the trial court erred in finding plaintiffs Gallegos and Martinez guilty of contributory negligence. We have reviewed the record and find that there was substantial evidence to support the trial court's findings. " * * * [F]indings of fact which are supported by substantial evidence will not be disturbed on appeal." Terrill v. Western American Life Insurance Company, 85 N.M. 456, 457, 513 P.2d 390, 391 (1973).

The judgment below is in all respects affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

LOPEZ, J., concurs in part and dissents in part.

LOPEZ, Judge (concurring in part and dissenting in part).

I concur with the majority opinion as to contributory negligence on the part of the plaintiff Gallegos. I respectfully disagree with the similar result reached with respect to the plaintiff Martinez.

The findings of the trial court disclose that the Gallegos vehicle collided with the Morrison automobile; Martinez was a passenger in the Gallegos car. The Gallegos car had "defective inadequate, and insufficient headlights which did not adequately give warning of its approach to the intersection. * * * The accident occurred after dark and at a time and place when illuminated headlights were required on motor vehicles. * * * Steven Martinez had knowledge and experience relating to automotive mechanics and the operation of electrical system[s] on motor vehicles and he knew or should have known as a *reasonable person* of the defective condition on the headlights and he failed to warn * * * Gallegos of the condition of the headlights, failed to reduce the drain on the battery caused by the operation of the car radio, and failed to take reasonable and proper action to safeguard his own safety". [Emphasis added]

The record shows that Martinez knew enough about automobiles to tell Gallegos to stop the car when the alternator light flashed on. He also was the one who noticed that the alternator belt was missing. Whether he could reasonably be expected to infer from these facts that the headlights on the car were likely to become dangerously dim depends, not upon the inferential capability of the "reasonable person", but upon the judgment and experience of children of similar age, intelligence, experience, and judgment, under the circumstances. Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507 (1955); Restatement 2d, Torts, § 464(2), (1965); Annot., 77 A.L.R.2d 917 (1961). It is at least unclear whether the trial court used the proper standard in evaluating the contributory negligence of this fourteen year old boy.

I further believe that there is insufficient evidence in the record to support the trial court's finding that the passenger Martinez was contributorily negligent. A fourteen year old boy is not an electrical engineer.

I would reverse as to the plaintiff Martinez in order to allow the trial court to make a finding on the issue of contributory negligence, using the proper standard. Section 21–1–1(52)(B)(b), N.M.S.A.1953 (Repl.Vol. 4).