This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RUNNING BEAR RESCUE, INC.,**
**d/b/a ROCKY MOUNTAIN EMS,**

Plaintiff-Appellant,

v.                                                                                    NO. 30,687

**CITY OF LAS VEGAS,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Cadigan & Park, P.C.
Michael J. Cadigan
Albuquerque, NM

for Appellant

Jane B. Yohalem
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Plaintiff Running Bear Rescue, Inc., d/b/a Rocky Mountain EMS (Running Bear) appeals a district court order dismissing its complaint against the City of Las Vegas (the City) on statute of limitation grounds. Running Bear argues that the district court erred in dismissing its complaint because the City did not adequately or timely raise its affirmative statute of limitations defense, and even if the City had adequately raised the defense, the cause of action was revived by partial payments made by the City to Running Bear. The district court concluded that the City had adequately raised its statute of limitations defense and made no partial payments that revived the cause of action. For the reasons that follow, we agree with the district court.

**BACKGROUND**

In April 2002, Running Bear entered into a four year ambulance service contract with the City. Under the terms of the contract, the City was to pay Running Bear $150,000 the first year, $200,000 the second year, and $250,000 the third and fourth years. The contract was scheduled to expire on or near April 15, 2006. In April 2004, however, the City did not increase its monthly payments to Running Bear as required in the third year under the terms of the contract. Instead, the City continued to pay Running Bear $200,000 annually under what it claimed was a month-to-month contract until August 2008. On August 28, 2008, Running Bear

brought an action for breach of contract against the City.

As an affirmative defense, the City asserted that Running Bear's claims for recovery were barred by governmental immunity pursuant to NMSA 1978, Section 37-1-23(A) (1976), in its answer. The City later amended its answer to include the affirmative defenses of waiver, estoppel, and laches. The City did not expressly raise a statute of limitations defense until the morning of trial when it raised Section 37-1-23(B) in a motion to dismiss.

In its motion to dismiss, the City claimed that Running Bear's cause of action accrued on April 2004, when the City refused to pay the increased rate due under the contract and instead paid the lower amount. As a result, the City argued that Running Bar was barred from recovery because Section 37-1-23(B) poses an absolute bar to actions against governmental entities not commenced within two years. In response, Running Bear argued that the City had not previously raised the statute of limitations, and that the City's reliance on Section 37-1-23 was improper because it applies to state government. Running Bear referenced NMSA 1978, Section 37-1-24 (1953) (amended 2011), which applies to cities. Running Bear also argued that the correct date applicable for statute of limitations purposes was August 1, 2008, the date when Running Bear's services for the City ended, not April 15, 2004. Finally, Running Bear argued that the City's monthly payments were partial payments which revived

Running Bear's cause of action pursuant to NMSA 1978, Section 37-1-16 (1957). The district court denied the City's motion on the basis that Section 37-1-23 was inapplicable. The district court then conducted a one-day bench trial, during which the City moved to dismiss a second time. This time, the City cited the appropriate statute: Section 37-1-24. The district court allowed additional argument and took the matter under advisement.

Following the trial, the district court found that the City adequately raised the statute of limitations defense, that Running Bear's cause of action was barred because it was not brought within three years of the initial breach, and it was not revived by the City's monthly payments. As a result, the district court granted the City's motion to dismiss. Running Bear timely appealed the district court's dismissal of its cause of action.

**DISCUSSION**

Running Bear argues that the district court erred in granting the City's second motion to dismiss. First, Running Bear argues that it was error for the district court to consider the statute of limitations defense because the City did not raise it in any responsive pleadings and, therefore waived the defense. Second, Running Bear argues that even if the district court did properly consider the City's statute of limitations defense, the City's monthly payments to Running Bear were sufficient to revive the

4

cause of action under Section 37-1-16, and it was error for the district court to conclude that the statute of limitations barred recovery.

**A.    Whether the City Adequately Raised the Statute of Limitations Defense**

We first address Running Bear's argument that the district court erred in considering the City's statute of limitations defense because the City did not affirmatively plead the statute of limitations as outlined in Section 37-1-24 in its responsive pleadings and thus waived the defense. The City argues in response that the Section 37-1-24 time limitation for commencing an action is jurisdictional and cannot be waived. The City also argues that even if the Section 37-1-24 statute of limitations defense could be waived, the City's responsive pleadings were adequate to put Running Bear on notice of the City's defense. We assume without deciding that the limitation period set forth in Section 37-1-24 is not jurisdictional and conclude that the district court did not err in considering the City's defense based on the adequacy of the City's responsive pleadings.

We review a district court's grant of a motion to dismiss and all questions of statutory interpretation de novo. *Glaser v. LeBus*, 2012-NMSC-012, ¶ 8, ___ N.M. ___, ___ P.3d ___. "A [district] court does not commit error in considering a defense and making a decision on it if it appears that a defense is available under the issues litigated, and that substantial competent evidence supports its prerequisite facts."

5

*Apodaca v. Unknown Heirs of the Tome Land Grant*, 98 N.M. 620, 623, 651 P.2d 1264, 1267 (1982).

We recognize that Rule 1-008(C) NMRA requires that a party affirmatively plead the defense of the statute of limitations, and that the defense is typically waived if not asserted in the responsive pleadings. *See* Rule 1-012(B) NMRA; *Chavez v. Kitsch*, 70 N.M. 439, 442-43, 374 P.2d 497, 499 (1962). However, "[t]he theory of pleadings is to give the parties fair notice of the claims and defenses against them, and the grounds upon which they are based." *Schmitz v. Smentowski*, 109 N.M. 386, 389, 785 P.2d 726, 729 (1990). Consistent with this purpose, this Court construes pleadings liberally to determine the rights of litigants "by an adjudication on the merits rather than upon the technicalities of procedure and form." *Transamerica Ins. Co. v. Sydow*, 97 N.M. 51, 54, 636 P.2d 322, 325 (Ct. App. 1981). As such, we will consider the merits of a pleading that does not conform with technicalities of procedure when the parties and the court have a fair idea of the claim or defense and are not prejudiced by the non-conformity. *See id.* ("If [the] defendant understood the claim made by [the p]laintiff, we are in no position to say that the complaint was insufficient."). In addition, this Court will freely allow the parties to amend pleadings "when justice so requires." *Schmitz*, 109 N.M. at 390, 785 P.2d at 730 (internal quotation marks and citation omitted).

6

It is true that the City did not conform with the technicalities of procedure in raising its correct statute of limitations defense. The City cited the incorrect statute in its answer and did not expressly raise the correct statute until its motion to dismiss was presented on the day of trial. *See Apodaca*, 98 N.M. at 623, 651 P.2d at 1267 ("A motion is not a responsive pleading."). But, there was no claim in the record below nor in the brief in chief that Running Bear was surprised or prejudiced by the City's assertion of the correct statute of limitations defense at trial. *See Elec. Supply Co. v. United States Fid. & Guar. Co.*, 79 N.M. 722, 725, 449 P.2d 324, 327 (1969) (holding that in the absence of surprise or prejudice, the failure to allege the defense of accord and satisfaction in a supplemental pleading did not constitute waiver). On the contrary, our review of the record reveals that Running Bear had notice of the City's Section 37-1-24 defense and a fair opportunity to rebut it.

The City's answer pleaded both governmental immunity pursuant to Section 37-1-23(A) and, more generally, failure to state a claim upon which relief can be granted. Although the City's reliance on Section 37-1-23 was misplaced, the record reflects that it was factually identical and sufficient to apprise Running Bear of the City's corrected statute of limitations defense under Section 37-1-24. *See Padilla v. Montano*, 116 N.M. 398, 402, 862 P.2d 1257, 1261 (Ct. App. 1993) (explaining that a party's reliance on an inapplicable statute with a statute of limitations provision was

7

sufficient to put the other party on notice that a statute of limitations defense would be presented). Running Bear's arguments to the district court in opposition of the motion to dismiss confirm the adequacy of the notice to Running Bear. Running Bear expressly argued that Section 37-1-23 was inapplicable to the claims at bar and referred the district court to Section 37-1-24. In addition, Running Bear also argued the merits of the applicability of the Section 37-1-24 and the relevant date to be applied for statute of limitations purposes. Moreover, the district court provided Running Bear with twenty days to respond to the City's second motion to dismiss and requested the parties to specifically address the statute of limitations defense. Thus, Running Bear had a full and fair opportunity to respond to the City's corrected statute of limitations defense.

A statute of limitations defense may be raised by a motion to dismiss where it is clearly apparent on the face of the pleading that the action is barred. *Apodoca*, 98 N.M. at 623-24, 651 P.2d at 1267-68. In the case at bar, the merits of the City's Section 37-1-24 statute of limitations defense were raised and specifically argued before the district court. Running Bear makes no contention that it was prejudiced by the manner in which the defense was raised. *See Lovato v. Crawford & Co.*, 2003-NMCA-088, ¶ 6, 134 N.M. 108, 73 P.3d 246 ("Amendments should be denied only where the motion is unduly delayed or where amendment would unduly prejudice the

8

non-movant."). There is no question that an amendment to the pleadings at trial may be allowed. *See Bombach v. Battershell*, 105 N.M. 625, 626, 735 P.2d 1131, 1132 (1987) (applying the former rule allowing an amendment to the pleadings at trial). The situation here is no different than if the district court had permitted an amendment of the City's answer based upon the evidence presented at trial. Rule 1-015(B) NMRA. Amendments to the pleadings are favored and should be liberally permitted as justice requires. Rule 1-015(A). We hold that the City did not waive its statute of limitations defense. As a result, we conclude that the City was not precluded from raising its corrected Section 37-1-24 statute of limitations defense at trial. The district court did not err in ruling on the motion to dismiss based upon Section 37-1-24.

**B.      Applicability of Section 37-1-16**

Having determined that the district court appropriately considered the City's motion to dismiss, we address Running Bear's contention that the district court erred in granting the motion because the City's monthly payments to Running Bear revived the cause of action under Section 37-1-16. In the instant case, neither party disputes the fact that the City made monthly installation payments to Running Bear in exchange for the continued supply of ambulance services until August 2008. Running Bear argues that these payments revived its cause of action against the City such that the statute of limitations could not bar its breach of contract claim. After hearing

9

testimony from the parties, the district court found that Section 37-1-16 was inapplicable because the City neither admitted an unpaid debt nor made a new written promise to pay Running Bear. As a result, it granted the City's motion to dismiss. Thus, the question is whether the City's monthly installment payments to Running Bear were sufficient to revive Running Bear's breach of contract claim and lift the Section 37-1-24 statute of limitations bar.

Because the district court granted the City's motion to dismiss after hearing argument on the merits, we treat the district court's action as granting summary judgment in favor of the City. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 10, 150 N.M. 97, 257 P.3d 917 ("We review motions to dismiss as motions for summary judgment when the district court considered matters outside the pleadings in making its ruling."); *First Southwestern Financial Services v. Pulliam*, 1996-NMCA-032, ¶ 4, 121 N.M. 436, 912 P.2d 828 (treating the district court's action as summary judgment where the district court granted a motion to dismiss after reviewing affidavits filed by the opposing party). "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. When "the facts underlying the application of the statute of limitations and the revival statute are undisputed, we review the partial payment issue as a pure question of law."

*Joslin v. Gregory*, 2003-NMCA-133, ¶ 6, 134 N.M. 527, 80 P.3d 464; *see also Tabet Lumber Co. v. Romero*, 117 N.M. 429, 432, 872 P.2d 847, 850 (1994) (stating that where the facts are undisputed, whether a particular payment is a "final payment" as defined by statute is a question of law).

We note that Running Bear argues on appeal that an admission by the City regarding the breach in payment or a new promise to pay was unnecessary to revive its cause of action because Section 37-1-16 revives a cause of action based solely on the making of any installment or partial payment. However, this Court has already interpreted the language of New Mexico's revival statute, and explained that causes of action based on contract may be revived by partial or installment payments only if the payments indicate that the debtor is acknowledging the unpaid debt and promising to pay it. *Joslin*, 2003-NMCA-133, ¶ 14. Thus, the mere payment of money by the debtor without more is not enough to toll the statute of limitations and revive a cause of action. *See id.* As a result, Running Bear's statutory interpretation argument is incorrect and we must determine only whether the City's continuing installment payments were sufficient as a matter of law to revive Running Bear's claim under Section 37-1-16. *Joslin*, 2003-NMCA-133, ¶ 14.

To revive Running Bear's cause of action, the City's installment payments must have, at the very least, acknowledged the existence of an unpaid debt. *Id*. Based on

the record, we cannot conclude that the City made such an admission with its monthly payments to Running Bear. Instead, the evidence presented at trial indicates that the City consistently represented to Running Bear that it had properly terminated the original contract and that it was fully paying under a month-to-month agreement between the parties that formed after the termination. In addition, Running Bear's owner and president testified that the City refused to acknowledge that it owed Running Bear any additional payments. He explained that the City refused to pay Running Bear's invoices for the rate specified under the contract, claimed that the original contract had been terminated, and that the City owed only a month-to-month amount of $16,666. Thus, the evidence presented at trial confirms that the City refused to pay any portion of the disputed amount or to admit to Running Bear that any additional debt was due. We conclude that the City's payments to Running Bear were insufficient as a matter of law to revive Running Bear's cause of action under Section 37-1-16.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's order granting dismissal of Running Bear's claims against the City.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**